## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

United States of America,

               Plaintiff,

v.                               Case No. 1:21-cv-1727-MLB

Six EA 1 Troy Oz Great American
Mint Coins, et al.,

               Defendants.

_____/

## **OPINION & ORDER**

The United States of America moves for default judgment against potential claimants to property that federal agents seized. (Dkt. 11.) The Court denies the motion.

## I.   **Background**

On February 27, 2018, Federal Bureau of Investigation agents seized

- six (6) ea 1 troy oz Great American Mint coins.
- six (6) ea 1/2 troy oz Sunshine Mining coins.
- one (1) ea 1/2 troy oz Great American Mint coin.
- eight (8) ea 1/4 troy oz Liberty coins.
- fourteen (14) ea 1/10 troy oz Liberty coins with case.
- One (1) Seagate 1TB drive serial number NA8HVBP1.

- One (1) HTC cell phone serial number HT38HWA01092.
- One (1) iPad and Otterbox case.
- Four (4) optical discs.
- One (1) PNY 64GB USB drive.
- One (1) Sandisk Cruzer U 32GB USB drive.
- Four (4) DVDs.
- One (1) Cruzer Glide 8GB USB drive.
- One (1) PNY 8GB USB drive.
- One (1) metal USB drive with "DD" stencil.
- One (1) black 8GB Cruzer Glide USB drive.
- Two (2) 16GB Cruzer Glide USB drives with blue tape.
- One (1) 16GB Cruzer Glide without tape.
- One (1) SanDisk 16GB USB drive.
- One (1) iPhone serial number FCCID BC6E3085A A1660 with case.
- One (1) Android cell phone serial number R38J407WT6X.
- One (1) Apple iPhone SE, IMEI 355434070774288 with Otterbox case.
- One (1) Verizon Samsung tablet IMEI 9900046863.
- One (1) Lexar thumb drive.
- One (1) Kingston 2GB thumb drive.
- One (1) Verizon tablet.
- One (1) Lenovo Z50-75 laptop serial number PF04DCTX with power supply.
- One (1) Lenovo laptop serial number PF0ETS1N with power supply.
- One (1) ASUS laptop.
- One (1) thumb drive labeled "DD."
- One (1) black CPU serial number 16Z6FD34430500396.
- One (1) cell phone "UAG."

(collectively, the "Defendant Assets") during the execution of a federal

search warrant on Matthew McClelland's residence in Charlotte, North

Carolina.  (Dkt. 1 ¶ 8.)  In April 2021, McClelland entered into a Pretrial

Diversion Agreement with the government, pursuant to which he agreed

to forfeit items seized during the search of his home on February 27, 2018. (Dkt. 11-1 at 5.) McClelland also agreed not to file any claim, answer, or petition for remission or restitution in any administrative or judicial proceeding pertaining to the assets. (*Id.*)

On April 27, 2021, the government filed a verified complaint for forfeiture. (Dkt. 1.) On May 21, 2021, the government sent direct notice of the forfeiture action and a copy of the complaint for forfeiture by certified mail, return receipt requested, and first-class U.S. mail on McClelland's attorney, Christopher C. Fialko. (Dkts. 7 at 6; 13 at 1–2.) The notice expressly stated the deadline for filing a claim to the Defendant Assets was "June 24, 2021 (35 days from when notice was filed)," and that an answer or motion under Rule 12 must be filed no later than 21 days after the filing of the claim. (Dkt. 7 at 6.) According to the United States Postal Service database, the notice and complaint were delivered on May 27, 2021. (Dkt. 11-2.) The government notified other potential claimants by posting notice of the forfeiture action for thirty consecutive days at www.forfeiture.gov starting on May 19, 2021. (Dkt. 8.) No one filed a verified claim or answered the complaint. (Dkt. 11-1 at 6.)

On November 29, 2021, the government filed a request for entry of default, and the Clerk of Court entered the default of all potential claimants to the Defendant Assets, including McClelland. (*Id.* at 6.) The government now seeks a default judgment under Federal Rule of Civil Procedure 55(b) against all potential claimants and the entry of an order forfeiting the Defendant Assets to the government. (*Id.*)

## II.   Legal Standard

The procedures applicable to this forfeiture action pursuant to 21 U.S.C. § 881(a)(6) are governed by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). *See* 21 U.S.C. § 881(b); 18 U.S.C. § 983. The Federal Rules of Civil Procedure also apply to such proceedings, to the extent that they do not conflict with the Supplemental Rules. Fed. R. Civ. P. Supp. R. A(2).

Rule G(4) of the Supplemental Rules sets forth a comprehensive set of rules for publishing notice of the forfeiture and for sending direct notices to known potential claimants. If the government knows, or could reasonably determine, the identity of the seized property owner, the Due Process Clause of the Fifth Amendment commands "the Government to make a greater effort to give him notice than otherwise would be

4

mandated by Supplemental Rule C(4)." *United States v. Real Prop.*, 135 F.3d 1312, 1315 (9th Cir. 1998). The government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *See Dusenbery v. United States*, 534 U.S. 161, 168 (2002); *see also* Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(A) ("The notice must be sent by means reasonably calculated to reach the potential claimant."). The government can meet the due process requirements by mailing notice to the potential claimant at the last address that claimant gave the agency that seized the property or to the attorney representing the claimant in the forfeiture action or in a related investigation. Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(B) and (E). If a person is incarcerated, however, the notice "must be sent to the place of incarceration." *Id.* G(4)(b)(iii)(C).

Title 18, United States Code, Section 983(a)(4)(A) governs the timing for filing a claim in a civil forfeiture action when the government files a complaint for the forfeiture of property. Under that section, a claim "may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint." 18

U.S.C. § 983(a)(4)(A).  Rule G of the Supplemental Rules also provides that any person who asserts an interest in the seized property may file a claim, contesting its forfeiture "by the time stated in a direct notice sent under Rule G(4)(b)" or "no later than 60 days after the first day of publication on an official internet government forfeiture site."  Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(A)–(B).  Title 18, United States Code, Section 983(a)(4)(B) governs the time for filing an answer in a civil forfeiture claim.  Under that section, an answer may be filed "not later than 20 days after the date of the filing of the claim."  18 U.S.C. § 983(a)(4)(B).

## III.  Discussion

The government appears to have met most of Rule G and the Civil Asset Forfeiture Reform Act's requirements.  It sent direct notice of the forfeiture action and a copy of the complaint to Mr. Fialko (McClelland's attorney with respect to the seizure of the property and in a related criminal case).  (Dkts. 11-1 at 9; 12 at 2.)  *See* Fed. R. Civ. P. Supp. R. G(4)(b)(iii)(B) (the government can meet due process requirements by mailing notice "to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case").  The notice,

which was mailed on May 21, 2021, stated the deadline for filing a claim to the Defendant Assets was "June 24, 2021 (35 days from when notice was filed)," and that an answer was to be filed no later than twenty-one days after filing the claim.  (Dkt. 7 at 6.)  McClelland has not filed a claim or answer.  So if the notice to Mr. Fialko was sufficient, McClelland would have waived his claim to the Defendant Assets.  The government also posted notice of the claim on www.forfeiture.gov, starting on May 19, 2021, pursuant to Rule G(4)(a)(iv)(C).  (Dkts. 11-1 at 6; 8.)  No one filed a claim or answer, meaning any potential claimants abandoned their claims to the Defendant Assets.

But the government's notice failed to inform McClelland he had thirty-five days from the date the notice *was mailed* to file a claim.  Title 18, United States Code, Section 983(a)(2)(B) provides the deadline to file a claim stated in a notice may not be earlier than "35 days after the date the letter is mailed."  18 U.S.C. § 983(a)(2)(B).  Under Federal Rule of Civil Procedure 6, "[w]hen [a] period is stated in days . . . exclude the day of the event that triggers the period."  Fed. R. Civ. P. 6.  The notice expressly stated the deadline for filing a claim to the Defendant Assets was "June 24, 2021 (35 days from when notice was filed)."  (Dkt. 7 at 6.)

7

But the triggering event was the *mailing* of the notice—May 21, 2021. Thus, thirty-five days would begin on May 22, 2021 and end on June 25, 2021. The government seems to dodge this issue by stating the notice was *filed* with the Court on May 20, 2021, and June 24, 2021 was 35 days from when the notice was filed. (Dkt. 7 at 6.) But Section 983(a)(2)(B) and Rule G(4)(b)(ii) are clear that a deadline must be at least thirty-five days after notice is *mailed*. The government thus failed to meet the notice and timing requirements.

## IV.   Conclusion

The Court **DENIES** Plaintiff's Motion for Default Judgment. (Dkt. 11.)

**SO ORDERED** this 4th day of May, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

8